## CADDO COUNTY v. CHICAGO, R. I. & P. RY. CO.

No. 22128. Opinion Filed Feb. 2, 1932.

Ted Morgan, Co. Atty., and Melton & Melton, for plaintiff in error.

W. R. Bleakmore, W. L. Farmer, John Barry, and Robert E. Lee, for defendant in error.

ANDREWS, J. This is an appeal from a judgment of the Court of Tax Review. The defendant in error, as protestant, protested certain appropriations and levies made by the excise board of Caddo county, Okla., for the fiscal year ending June 30, 1931. The only item for consideration here is a levy of 4 mills for general fund purposes. The protestant contends that that levy is excessive and void in the amount of .11 mill. That contention was sustained by the Court of Tax Review and the protestee appealed to this court.

The appropriations made by the excise board contained an item of $4,500 for the salaries of the county commissioners of Caddo county. That item was an increase of $2,550 over the previous year. The population of Caddo county, as shown by the last federal census, is 50,779. The question involved in this protest is the validity of section 6430, C. O. S. 1921, section 1, ch. 78, Session Laws 1921, page 100. That section of the statute was enacted in the manner provided for the enactment of general laws and no attempt was made to give notice of its proposed passage, as required by section 32, art. 5, of the Constitution of Oklahoma.

In 1917 the Legislature enacted a general act which was intended to provide a schedule of salaries for the county commissioners in all of the counties of the state. H. B. 557, S. L. 1917, c. 202, page 377. That act was an amendment to section 3225, ch. 31, art. 1, Rev. Laws 1910, and was brought forward as section 6423, C. O. S. 1921. Section 6430, supra, was enacted in 1921. It provides, in substance, that in all counties having a population of over 41,000 and not more than 51,000 inhabitants and in all counties having a population of over 80,000 and not more than 110,000 as shown by the next preceding federal census, the county commissioners shall receive an annual salary of $1,500.

It is apparent that the purpose of the general statute (section 6423, supra) was to fix the compensation of county commissioners in the various counties according to the population of the respective counties upon a fixed basis and without discrimination and that the purpose of section 6430, supra, was to fix the compensation of county commissioners in the counties falling within the population limits as therein prescribed.

The protestant contends that section 6430, supra, was not intended as a special statute, but as a general statute, and that on account of the peculiar provisions of the section it does not have uniform operation throughout the state and, therefore, is in violation of section 59, art. 5, of the Constitution, which provides as follows:

"Laws of a general nature shall have a uniform operation throughout the state, and where a general law can be made applicable, no special law shall be enacted."

If section 6430, supra, is a special act, it is not effective for the reason that it was not adopted in the manner provided for the adoption of special acts. Section 32, art. 5, supra. If it is not a special act, it is void, unless it conforms to the provisions of section 59, art. 5, supra.

This court had such a question under consideration in Hudgins v. Foster, 131 Okla. 90, 267 P. 645, and held:

"Where an act of the Legislature excepts from the operation of the general laws of this state one or more counties without any fixed basis for such discrimination and no good reason is shown why all should not be subject to the same rule, it is invalid under section 59, art. 5, of the state Constitution, which provides laws of a general nature shall have uniform operation throughout the state."

In Roberts v. Ledgerwood, 134 Okla. 152, 272 P. 448, it held:

"In order for a law to be general in its nature and to have uniform operation, it is not necessary that it shall operate upon every person and every locality in the state. A law may be general and have a local application or apply to a designated class if it operates equally upon all the subjects within the class for which it was adopted. But where a statute operates upon a class, the classification must not be capricious or arbitrary and must be reasonable and pertain to some peculiarity in the subject-matter calling for the legislation. As between the persons and places included within the operation of the law and those omitted, there must be some distinctive characteristic upon which a different treatment may be reasonably founded and that furnishes a practical and real basis for discrimination. (Burks v. Walker, 25 Okla. 353, 109 P. 544.)"

—and said:

"House Bill No. 358, related only to the boards of county commissioners of counties having a population between 18,750 and 19,300 and between 16,685 and 17,510. We are of the opinion that, under the rules announced in the foregoing cases, such classification is arbitrary."

Under the provisions of section 6423, supra, in counties of this state having a population of 50,000 inhabitants and over, the salary of the county commissioners is fixed at $800. Under the provisions of section 6430, supra, in counties of this state having a population of over 41,000 and not more than 51,000 inhabitants, the salary of the county commissioners is fixed at $1,500. No provision is made therein for the salary of county commissioners in counties having a population in excess of 51,000 and less than 80,000, and the salary of the county commissioners in counties having a population in excess of 51,000 and less than 80,000 is fixed by section 6423, supra, at only $800. There is no fixed basis for the discrimination made by the provisions of section 6430, supra. We know of no valid reason why the county commissioners of a county having a population of 79,000 should receive less salary than the county commissioners of a county having a population of 41,000.

We, therefore, conclude that the classification made by the provisions of section 6430, supra, is arbitrary; that there is no reason or basis therefor; that it is in violation of the provisions of section 59, art. 5 supra and that it is unconstitutional and void.

The judgment of the Court of Tax Review is affirmed.

LESTER, C. J., CLARK, V. C. J., and RILEY, HEFNER, CULLISON, SWINDALL, McNEILL, and KORNEGAY, JJ., concur.