## CHICAGO, R. I. & P. RY. CO. v. EXCISE BOARD OF GARFIELD COUNTY.

No. 24711.    Feb. 27, 1934.

W. R. Bleakmore, W. L. Farmer, John Barry, and Robert E. Lee, for plaintiff in error.

Harry C. Kirkendall, City Atty., for defendant in error.

ANDREWS, J. This is an appeal from a judgment of the Court of Tax Review denying the protest of the Chicago, Rock Island & Pacific Railway Company against certain tax levies for the fiscal year commencing July 1, 1932, and ending June 30, 1933, made by the excise board of Garfield county. The protestant appealed to this court from the judgment as to two items, which will be considered separately.

The first item involves an appropriation for the general fund for the salary and expenses of the superior court of Garfield county.

The protestant contends that there is no authority of law for that court; that the expense therefor is properly a state charge, and that the placing of such charge against Garfield county is without authority of law and is void. There is no dispute as to the facts. It contends that chapter 20, Session Laws 1915, under which the court was created, is in violation of the provisions of section 59, art. 5, of the Constitution of Oklahoma. We held to the contrary in Herndon, Judge, v. Anderson et al., 165 Okla. 104, 25 P. (2d) 326.

The judgment of the Court of Tax Review as to this item is affirmed.

The remaining question involved in this appeal is the judgment of the Court of Tax Review denying that part of the protest involving a part of the levy for the sinking fund of Garfield county.

The record shows that there was included in the computation and levy for sinking fund purposes an amount for the payment of a judgment against the county in favor of the city of Enid. The protestant contends that that judgment is void. No question of fact is involved. The judgment roll shows that on January 28, 1931, the Garfield county jail was located in a part of the courthouse; that the courthouse was destroyed by fire on that date; that a number of prisoners were confined in the jail at the time of the fire; that after the fire, the board of county commissioners, with the consent of the board of city commissioners of the city of Enid, removed all of the county offices, including the offices of the district court, into a convention hall owned by the city of Enid, and took over and occupied practically the entire building used as the city jail, for the confinement of the county prisoners; that there was no contract entered into between the board of county commissioners and the city of Enid as to the terms of the occupancy; that no rental was asked for or paid prior to July, 1931; that the board of county commissioners made an estimate for the purpose of paying rental for the use of the buildings occupied by the county officers during the fiscal year 1931-32; that no appropriation therefor was made; that the city of Enid presented its claims for rental for the months of July, August, September, October, November, and December, 1931, and January and February, 1932, all of which were disallowed by the board of county commissioners; that the city of Enid brought an action for the recovery of a judgment for the amounts claimed as rent for the months in question; that the board of county commissioners filed its answer in which it alleged that there was no contract between the city of Enid and the board of county commissioners by which the county was obligated to pay rent, and that no appropriation was made for the payment of rental; that upon the issues joined, the trial court rendered judgment in favor of the city after finding that after the burning of the courthouse the county was without any available place to keep the prisoners and valuable records of the county; that an emergency existed and a compulsory obligation and duty was imposed upon the board of county commissioners by law to secure a safe place for keeping the prisoners and county records

and to provide adequate quarters for the various county officers and for the county and district courts, and that neither the absence of a contract nor the failure of the excise board to make the necessary appropriation will preclude the obligations on the part of the board of county commissioners to pay for the services received.

The protestant agrees with the contention of the protestee that an emergency existed immediately after the burning of the courthouse and until July 1, 1931, but it contends that none existed thereafter and during the fiscal year 1931-32. It contends that when the city of Enid furnished the quarters after the beginning of the new fiscal year without requiring that an appropriation be made for rent, it did so at its peril; that any debt, either upon contract, quantum meruit, or equitable obligation, in excess of the revenue provided for such fiscal year, as provided by section 26, article 10, of the Constitution, is void, and that a judgment rendered thereon is void and subject to collateral attack. In support of that contention it cites Protest of Carter Oil Co., 148 Okla. 1, 296 P. 485.

Section 7668, O. S. 1931, imposes a statutory duty upon the board of county commissioners to provide quarters for certain officers and courts. Section 7691, O. S. 1931, provides a penalty for the failure of a county commissioner to perform any duty required of him by law.

This court, in Smartt, Sheriff, v. Board of Com'rs of Craig County, 67 Okla. 141, 169 P. 1101, held:

"Moneys lawfully expended by a sheriff in the feeding of prisoners and fees earned by him in the discharge of duties imposed upon him by the Constitution and laws of the state constitute a valid charge against the county, and are not within the limitations imposed upon the county by section 26, art. 10 (section 291, Wms. Anno.) Constitution."

The basis of that decision is the existence of an emergency. No emergency is shown by the record in the case at bar. An appropriation in a proper amount could have been made.

In Protest of Kansas City Southern Ry. Co., 157 Okla. 246, 11 P. (2d) 500, this court said:

'The constitutional officers charged with the performance of constitutional governmental functions may not sit idly by and see the entire income and revenue of a county appropriated for other purposes and then recover compensation for the performance of their duties. They are charged with knowledge of the fact that appropriations must be made, and if they fail to have appropriations made for the conduct of their offices, they are responsible for the condition in which they find themselves and they will not be permitted to recover a judgment against the county when no appropriation was made for the conduct of their offices"

—and held:

"Where it is sought to recover a judgment against a municipality on a claim ex contractu, the provisions of section 26, article 10, of the Constitution stand as a bar to the recovery of the judgment thereon until it is pleaded and admitted or proved that the indebtedness sued on was not contracted in violation of those provisions."

While it is true that an invalid claim reduced to judgment is not subject to collateral attack, that is not true when the invalidity of the judgment is shown by the judgment roll. Protest of St. Louis-S. F. Ry. Co., 162 Okla. 62, 19 P. (2d) 162. In this case the judgment roll shows that there was neither contract for the payment of rentals on the property occupied nor appropriation for the payment of such an amount. When the trial court rendered judgment, after a finding as follows:

"The court further finds that there was no agreement entered into between the plaintiff and the defendant that the defendant should pay the city of Enid rent for the space occupied in the municipal buildings and the city jail.

"The court further finds that no appropriation was ever made by the board of county commissioners and approved by the excise board for the payment of the rent to the city"

—it did so in direct violation of the provisions of section 26, article 10, of the Constitution. That judgment is void on the face of the judgment roll. There is no authority for making a levy for the payment of such a judgment and the Court of Tax Review erred in sustaining a levy that had been made therefor.

The judgment of the Court of Tax Review is reversed and the cause is remanded to that court, with directions to sustain the protest.

RILEY, C. J., CULLISON, V. C. J., and SWINDALL, McNEILL, and OSBORN, JJ., concur.