## SHINN v. OKLAHOMA CITY.

No. 27871.   Jan. 17, 1939.

Shirk, Danner & Earnheart and George Shirk, for plaintiff in error.

A. L. Jeffrey and A. P. Van Meter, for defendant in error.

HURST, J. This is an action to enjoin the enforcement of certain ordinances of Oklahoma City. Plaintiff alleged in his petition that he is a money lender; that the ordinances of the defendant regulating this occupation are unconstitutional for many reasons; that the defendant, if not restrained, will enforce the ordinances as against plaintiff, and asked the enforcement of same be enjoined. Defendant's demurrer to this petition was sustained by the trial court. Plaintiff elected to stand on his petition, and the court then dismissed same with prejudice. Plaintiff appeals.

The ordinances in question regulate (a) money lenders and (b) loan brokers, whose loans are "secured by chattel mortgages, bills of sale, or other contracts involving as security the forfeiture of rights in personal property or which are secured by assignments, bills of sale or other conveyances of salary or wages." The money lender is charged a license fee of $25, while the license fee for the loan broker is $125. The ordinance excepts from its operation "national and state banks and building and loan associations or trust companies, under the supervision of the State Banking Commission, or members of any organized stock exchange, or any person, firm or corporation selling goods, chattels or merchandise on the installment plan." The city auditor is authorized to inspect the books and accounts of licensees. It is further provided that on failure or refusal to comply with the ordinance or a violation of the usury law of the state of Oklahoma, the "city manager shall cause a hearing to be had, ascertain the facts, and certify the same to the council, who may cause such license to be revoked." The ordinances also provide that licensees shall give cards written in ink or printed with typewriter containing certain information to the pledgor, mortgagor, or assignor. Receipts for payments are also

required and blank conveyances are forbidden. Violation of any of the provisions of the foregoing ordinances is made punishable by fine of not more than $19 and $1 costs, and each day's violation is declared to be a separate offense.

Plaintiff attacks all of these provisions as being violative, in one way or another, of certain constitutional guarantees. Defendant first claims, among other things, that plaintiff, having never acquired a license for the business of money lender, as required by the ordinance, is not entitled to question the validity of sections of ordinances applicable only to licensees and which have never been invoked against plaintiff; and that this court will not consider hypothetical or anticipatory questions. We think this a valid objection. This court will not pass upon the constitutionality of an act of the Legislature or any of its provisions until there is presented a proper case in which it is made to appear that the person complaining has been or is about to be denied some right or privilege to which he was lawfully entitled, or is about to be subjected to some of its burdens or penalties. Stine v. Lewis (1912) 33 Okla. 609, 127 P. 396; Insurance Co. of North America v. Welch (1915) 49 Okla. 620, 154 P. 48; Black v. Geissler (1916) 58 Okla. 335, 159 P. 1124; Kelly v. Roetzel (1917) 64 Okla. 36, 165 P. 1150; Bennett v. State (1930) 147 Okla. 14, 294 P. 149; Hine v. Board of County Com'rs of McClain County (1936) 177 Okla. 251, 58 P.2d 570; Davis v. McCasland (1938) 182 Okla. 49, 75 P.2d 1118.

The foregoing rule is applicable to city ordinances. Moore v. Oklahoma City (1933) 161 Okla. 205, 17 P.2d 953; Kissinger v. Hay (Tex. Civ. App. 1908) 113 S. W. 1005; Lehon v. City of Atlanta (1916) 242 U. S. 53; Keane v. Stradtman (Mo. 1929) 18 S. W.2d 896; Dallas Taxicab Co. v. City of Dallas (Tex. Civ. App. 1934) 68 S. W.2d 359; 11 Am. Jur. 748, sec. 111.

We recognize that an exception to the rule exists in cases where an act is indivisible, on the theory that if the portion of the act not affecting the litigant's rights be unconstitutional, then the entire act, including that which does affect the party, must fall. 11 Am. Jur. 755, sec. 112; Ex Parte Smith (Fla. 1930) 128 So. 864. Such, however, is not the case here. See the cases of Kissinger v. Hay, Keane v. Stradtman, and Dallas Taxicab Co. v. City of Dallas, supra, wherein the courts refused to pass on regulatory and revocational features of ordinances, but did pass on licensing features. See, also, Moore ·v. Oklahoma City, supra. We believe the licensing sections of the ordinances are severable from the regulatory and revocation sections. Since plaintiff has not yet obtained a license, he is in no position to now raise, nor will this court determine in this action, the constitutionality of the regulatory and revocation provisions of the ordinances.

■ We need only determine, therefore, the constitutionality of the ordinances in so far as they require plaintiff to obtain a license before engaging or continuing in the occupation of money lender. The constitutionality of these same ordinances was upheld in Shinn. v. Oklahoma City (1936) 59 Okla. Cr. 433, 61 P.2d 1126. We think the court in that case correctly held that the ordinances, in so far as they require money lenders to secure a license, are a valid exercise of the police power, and that they do not violate the Fourteenth Amendment to the federal Constitution as being an improper discrimination, although they exempt national and state banks, trust companies, and building and loan associations. In addition to the authorities cited in the last-mentioned case, see 69 A. L. R. 581, note.

Affirmed.

BAYLESS, C. J., and RILEY, OSBORN, CORN, and GIBSON, JJ., concur. WELCH, V. C. J., and DAVISON and DANNER, JJ., absent.