LOWDEN et al. v. OKLAHOMA COUNTY, EXCISE BOARD.

*100 P. 2d 448.*

No. 29665. March 19, 1940.

W. R. Bleakmore, W. L. Farmer, John Barry, and Robert E. Lee, all of Oklahoma City, for plaintiffs in error.

Lewis R. Morris, County Atty., and B. C. Logsdon, Asst. County Atty., both of Oklahoma City, for defendant in error.

WELCH, V. C. J. The protest here involves the levy to finance the 1939-40 fiscal year appropriation for the salaries and expenses of the public defender and probation officer of Oklahoma county. It is asserted that the levies are illegal and unauthorized for the reason that articles 12 and 13, chapter 35, S. L., 1939, the acts creating the offices, are violative of section 32, article 5, and section 59, article 5, and section 46, article 5, of the State Constitution.

Each of said acts provides that it shall apply to counties having a population of 200,000 or more and contain-

ing a city of 175,000 population or more, and it is pointed out that by reason of such provisions, it follows that Oklahome county is the only county within the state to which the acts now apply.

The provisions of the Constitution referred to are section 32, article 5, requiring publication notice of special or local laws; section 59, article 5, requiring uniform operation of general laws and prohibiting special law where a general one can be made applicable; and section 46, article 5, prohibiting the passing of a local or special law regulating the affairs of a county.

Appellant's argument is predicated upon the proposition that the legislative acts are local or special laws. It is agreed that no publication was had prior to their passage.

Obviously, we must determine whether or not such acts are local or special; if so, then protestant must prevail; if they are general laws, it follows that the judgment of the Court of Tax Review will be affirmed.

Our attention is directed to Roberts v. Ledgerwood, 134 Okla. 152, 272 P. 448, in which are found quotations from the early case of Burks v. Walker, 25 Okla. 353, 109 P. 544, as follows:

"In order for a law to be general in its nature and to have uniform operation, it is not necessary that it shall operate upon every person and every locality in the state. A law may be general and have a local application or apply to a designated class if it operates equally upon all the subjects within the class for which it was adopted. * * * But where a statute operates upon a class, the classification must not be capricious or arbitrary and must be reasonable and pertain to some peculiarity in the subject matter calling for the legislation. As between the persons and places included within the operation of the law and those omitted, there must be some distinctive characteristics upon which a different treatment may be reasonably founded and that furnishes a practical and real basis for discrimination."

Other helpful citations given us by

708

the parties here are Key v. Donnell, 107 Okla. 157, 231 P. 546; Caddo County v. C., R. I. & P. Ry. Co., 155 Okla. 32, 7 P. 2d 900; Protest of C., R. I. & P. Ry. Co., 164 Okla. 239, 25 P. 2d 690; Crawford, Co. Treas., v. Smith, 162 Okla. 165, 19 P. 2d 964, and others.

This general rule is stated in 59 C. J. 760, as follows:

"The fact that at the time a statute is enacted one municipality only falls within the classification fixed thereby will not cause the statute to be regarded as special or local if the classification is founded in reason and general in terms; but will, if the classification is arbitrary and illusory; the test being whether other municipalities from time to time may be included, or are permanently excluded. * * *"

Under the authorities coming to our attention upon this consideration, it appears that we must be able to say that the classification of counties by population in these acts is clearly capricious and arbitrary before we would be justified in holding that these constitutional provisions were violated—that such classification by population is wholly unrelated to the objects of the acts.

It is suggested that counties of larger populations composed substantially of urban population are faced with greater need for the type of services provided by these legislative acts than are the more sparsely populated counties. That suggestion is not wholly without merit, and must have guided the Legislature in adopting the classification selected. We know in common with others that the courts within counties coming within the classification present here have much more need for the services of the agencies here provided than counties with less congestion of population. The congestion of population is closely related to the object to be attained by the legislation. This basic principle operates uniformly throughout the state. We, therefore, affirm the judgment of the Court of Tax Review.

BAYLESS, C. J., and OSBORN, HURST, and DAVISON, JJ., concur. RILEY, J., dissents. CORN, GIBSON, and DANNER, JJ., absent.