CITY OF SHAWNEE et al. v. TAYLOR.

No. 30245. Jan 12, 1943.

*132 P. 2d 950.*

Randall Pitman, of Shawnee, for plaintiff in error.

G. C. Abernathy and Kenneth Abernathy, both of Shawnee, for defendant in error.

Kenneth Reed, City Atty., of Perry, J. W. Marshall, City Atty., of Duncan, Solon W. Smith and Norman J. Futor, both of Oklahoma City, W. E. Foster, City Atty., of Henryetta, W. C. Alley, City Atty., of Okmulgee, H. I. Aston, City Atty., of McAlester, C. B. McCrory, of Okmulgee, W. F. Rampendahl, L. W. Randolph, and Chal Wheeler, all of Muskogee, and C. J. Davenport, Sam T. Allen, R. L. Wilkinson, and T. L. Blakemore, all of Sapulpa, amici curiae.

HURST, J. The plaintiff Taylor sued to compel, by mandamus, the city of Shawnee and its clerk to issue bonds to refund street improvement bonds, issued against street improvement district No. 13 in said city, as required by the 1939 refunding statute, 11 O. S. 1941 §§ 242-242 o. The defendants in their return to the alternative writ of mandamus admitted that they refused to refund the bonds, and alleged as their sole defense that the refunding statute is unconstitutional in that it impairs the obligation of the contracts with the bondholders. The bonds were issued in 1922 and became delinquent in 1932. The case was tried on an agreed statement of facts, in which it was agreed that plaintiff owned the bonds (23 of the 70 issued against said district), that they were unpaid, and that the plaintiff, on November 29, 1940, filed an agreement to accept refunding bonds in compliance with said statute. This proceeding was filed December 11, 1940. From a judgment issuing a peremptory writ of mandamus requiring the defendants to issue the refunding bonds and to otherwise comply with all the provisions of said refunding statute, the defendants appeal.

The defendants' sole contention is that the refunding statute is unconstitutional because of the provisions of section 1 (11 O. S. 1941 § 242), which imposes a statute of limitations when none formerly existed, and which also extinguishes the special assessment lien after the statute of limitations has run, and that therefore it impairs the obligations of the contract of the bondholders in violation of section 15, art. 2, of the State Constitution.

While the plaintiff does not raise the question of the right of the defendants to urge as a defense that the statute is unconstitutional, it necessarily inheres in the case. Plaintiff prosecuted this as a class action for himself and for all other bondholders similarly situated. No other bondholder intervened or is questioning the right of Taylor to represent all members of the class he purports to represent. The question then is, Do the defendants have a right to protect the bondholders against the effects of the statute when the bondholders are insisting on the rights given them by the statute? The defendants do not claim that any rights of the city will be prejudicially affected by the issuance of the refunding bonds, nor do they purport to act for the interests of the city or the property owners affected by the refunding. We have held that the right of the city to receive for itself any part of the fund created to pay the bonds, after the bonds with interest are fully paid, is contingent, is not contractual, and is not protected by either the contract clause or the due process clause of the State or Federal Constitution. Oklahoma City v. Vahlberg, 185 Okla. 28, 89 P. 2d 962. The two classes having a certain and direct financial interest in the enforcement of the statute are the bondholders and the owners of property against which the assessments for payment of the refunding bonds are levied. Neither class is here asserting the invalidity of the act. The case of Davis v. McCasland, 182 Okla. 49, 75 P. 2d 1118, is not in point, since there the bondholders were not in court.

It is well settled that this court "will

not pass upon the constitutionality of an act of the Legislature or any of its provisions until there is presented a proper case in which it is made to appear that the person complaining has been or is about to be denied some right or privilege to which he was lawfully entitled, or is about to be subjected to some of its burdens or penalties." Shinn v. Oklahoma City, 184 Okla. 236, 87 P. 2d 136, and cases cited. This is the general rule. 11 Am. Jur. 748, § 111; 12 C. J. 760, § 177. In other words, as a general rule the courts decide questions only when those urging them have an interest to protect and will be injured by the enforcement, or refusal to enforce, the rule or statute involved. This court does not give advisory opinions, answer hypothetical questions, or enter declaratory judgments. And this rule applies in mandamus proceedings where municipal officers seeking to raise the question of the constitutionality of a statute act ministerially, where the duty sought to be enforced is mandatory, and where the property rights of the municipality or its officers will not be prejudicially affected by the enforcement of the statute. Threadgill v. Cross, 26 Okla. 403, 109 P. 558; State ex rel. Cruce v. Cease, 28 Okla. 271, 114 P. 251; 12 C. J. 765; 16 C. J. S. 172, § 82; 34 Am. Jur. 872; 30 A. L. R. 378; 129 A. L. R. 941.

For the foregoing reasons, we decline, in this proceeding, to pass upon the constitutionality of said refunding statute, the only question presented by the parties. And, of course, this decision does not preclude the property owners or others affected by the refunding from questioning the constitutionality of the statute or otherwise asserting their rights, at the proper time and in the proper proceeding under the foregoing rule.

Judgment affirmed.

CORN, C. J., and RILEY, OSBORN, BAYLESS, WELCH, and DAVISON, JJ., concur. GIBSON, V. C. J., and ARNOLD, J., concur in result.