**Patricia Ann ANDERSON and Jim E. Kirksey, Petitioners,**

v.

**Paul A. WALKER, Jr., Judge of the Court of Common Pleas, Division No. 3, within and for Tulsa County, Oklahoma, Respondent.**

Nos. 37953, 38173.

Supreme Court of Oklahoma.

Dec. 17, 1958.

Villard Martin, T. Austin Gavin, Claude H. Rosenstein, Fred W. Woodson, Jr., Tulsa, for petitioners.

Harry Moreland, Tulsa, for respondent.

WELCH, Chief Justice.

This is an original action by petitioners on their separate application requesting that a writ of mandamus issue directing the Judge of the Court of Common Pleas of Tulsa County, Oklahoma, to forthwith certify certain cases to the Juvenile Court of Tulsa County, Oklahoma.

The petitioner, Patricia Ann Anderson, a female, appeared before the respondent Judge in Court of Common Pleas of Tulsa County, Oklahoma, in case No. 105,220. She was charged with the offense of operating a motor vehicle with an improper muffler. Counsel for petitioner advised the court that petitioner was only seventeen (17) years of age, and moved that the proceedings be certified to the juvenile court. Whereupon the court overruled the motion allowing exceptions, and held that Title 20, Sections 771–777 O.S.A. were unconstitutional. The same procedure was followed in a case of similar nature concerning the petitioner Jim E. Kirksey, a male person, who was charged with the same offense under case No. 108,376 and the court was advised that he was under the age of eighteen (18) years. The same order for same reason was made by the Court of Common Pleas in this case as was made in case No. 105,220. The two cases in this court have been consolidated for the purpose of briefing the question in support of petitions for writ.

Both the petitioners and respondents have presented this court with extensive briefs as to the constitutionality of the entire act concerning the Juvenile Court. Both parties have briefed the case as though the petitioner, Jim E. Kirksey, is over sixteen (16) and under eighteen (18) years of age. We assume this to be true, however, we are

not furnished with information as to his exact age.

The only question for us to determine at this time is whether the writ should issue ordering the Court of Common Pleas of Tulsa County, Oklahoma, to certify these cases to the Juvenile Court of Tulsa County, Oklahoma, as provided under Section 774, Title 20 O.S.A. However, the Judge of the Common Pleas Court gave as his reason for refusing to certify the cases to the Juvenile Court, that Sections 771–777, Title 20 O.S.A. as amended, were unconstitutional, it therefore becomes necessary for this court to examine said sections in determining whether said writ should issue.

Title 20 O.S.1951 § 771, as amended, provides:

"There shall be established in each county having a population of one hundred thousand (100,000) or more, and less than three hundred thousand (300,000) as determined by the last Federal Decennial Census a court of record, having a seal, and the judge or clerk or referee thereof shall have power to administer oaths and affirmations."

By subsequent definition this "court" is "a Juvenile Court" so this section has as its purpose the establishment of a special or separate Juvenile Court in all counties within the minimum and maximum population range as set forth in said section.

Our Constitution, Article VII, Section 1, provides:

"The judicial power of the state shall be vested in the Senate, setting as a court of impeachment, a Supreme Court, District Courts, County Courts, Courts of Justices of the Peace, Municipal Courts, and such other courts, commissions or boards, inferior to the Supreme Court, as may be established by law."

█ We have held without exception that the establishment of courts in counties within certain minimum and maximum population requirements was a valid general law of uniform operation. Chicago R. I. & P. Ry. Co. v. Excise Board of Garfield County, 167 Okl. 414, 30 P.2d 171; Herndon v. Anderson, 165 Okl. 104, 25 P.2d 326; Morrison v. Fry, 208 Okl. 239, 255 P.2d 270; Lowden v. Oklahoma County, Excise Board, 186 Okl. 706, 100 P.2d 448, and Anderson v. Scanlon, 174 Okl. 419, 50 P.2d 615.

Therefore we are of the opinion that section 771, as above amended, is general in application, and complies with our constitutional requirements as applied and interpreted by this court.

As to section 772, as amended, we observe paragraph (c) of said section defines a "child" as a person less than eighteen (18) years of age, thereby including male as well as female.

In all other counties governed by the general laws concerning juveniles; Title 10 O.S.1951 § 101; an alleged male delinquent residing therein is considered a child only until he reaches the age of sixteen (16) years, while an alleged female delinquent is considered a child until she reaches the age of eighteen (18) years.

Section 773, as amended, provides, "except as otherwise provided herein, the court shall have original jurisdiction in proceedings;

"1. Concerning any child living within the county. * * *

"2. Concerning any child or adult living within the county charged with having violated any state law or municipal ordinance prior to having become eighteen (18) years of age. * * *"

The term child is referred to in many other paragraphs and subparagraphs of said section, which naturally have reference to a child as defined by paragraph (c) section 772, supra, and would include a male person under eighteen (18) years of age.

Section 774, as amended, provides:

"If during the pendency of a criminal or quasi-criminal charge against any person in any other court of said county, it shall be ascertained that the person was under the age of eighteen (18) years at the time of committing the alleged offense, it shall be the duty of

such court forthwith to transfer the case, together with all the papers, documents and testimony connected therewith, to the juvenile court. The court making such transfer shall order the child to be taken forthwith to the place of detention designated by the juvenile court or to that court iself, or release such child to the custody of some suitable person to be brought before the juvenile court at a time designated."

Therefore, under section 774, as amended, the juvenile court created by this act may assume original jurisdiction of male delinquents between the ages of sixteen (16) years, and eighteen (18) years of age, while in counties not covered by said act, a delinquent male over the age of sixteen (16) years, does not come under the jurisdiction of a juvenile court, and would not be entitled to transfer to juvenile court under Title 10 O.S.1951, which is applicable to delinquents in other counties of the state.

■ We are of the opinion that it is arbitrary and capricious for the Legislature to take "a natural class of persons" split that class in two and then arbitrarily designate the dissevered faction of the original unit as two classes and thereupon enact different rules of law for the treatment of each. Classification is essentially the same in law as it is in other departments of knowledge or practice. It is the grouping of things because they agree with one another in certain particulars and differ from other things in those same particulars. Upon what differences or resemblances classification may be exercised depends necessarily upon the object in view, which difference or resemblance may be narrow or wide according to that object. Were the Legislature to distinguish between red-haired men and blackhaired men, then the classification would immediately be seen to be wrong; it would have only arbitrary relation to the purpose and province of legislation. This is a distinction which does not furnish any proper basis for classification. See 12 Am. Jur. Sec. 482, pages 156 and 157.

■ In the case of Haas v. Holloman, Okl., 327 P.2d 655, 656, we recently held:

"In order for a law to be general in its nature and to have uniform operation, it is not necessary that it shall operate upon every person and every locality in the state. A law may be general and have a local application or apply to a designated class if it operates equally upon all the subjects with the class for which it was adopted. But, where a statute operates upon a class, the classification must not be capricious or arbitrary and must be reasonable and pertain to some peculiarity in the subject-matter calling for the legislation. As between the persons and places included within the operation of the law and those omitted, there must be some distinctive characteristic upon which a different treatment may be reasonably founded and that furnishes a practical and real basis for discrimination."

■ We have been unable to find any distinctive characteristic upon which a different treatment may be reasonably founded for delinquent male persons between the ages of sixteen (16) and eighteen (18) years of age, residents of counties covered by said act, and of those, residents of counties excluded by said act. The difference in population has been held sufficient for the establishment of courts in counties within certain minimum and maximum population. However, we are of the opinion that this characteristic cannot be considered as a distinction by which a different treatment may be founded in said age group. There does not appear in this act any fixed basis for such discrimination and no good reason why all male persons between the ages of sixteen (16) and eighteen (18) years of age within the state should not be subject to the same laws, and the same treatment in the execution thereof.

The discrimination as to age as hereinabove discussed does not apply to the applicant, Patricia Ann Anderson, a female, since Title 10 O.S.1951 § 101, which applies to all counties of the State, defines a fe-

male delinquent as one under the age of eighteen (18) years.

In Roberts v. Ledgerwood, 134 Okl. 152, 272 P. 448, 449, we held:

"Where an act of the Legislature excepts from the operation of the general laws of this state one or more counties without any fixed basis for such discrimination, and no good reason is shown why all should not be subject to the same rule, it is invalid under section 59, art. 5, of the state Constitution, which provides laws of a general nature shall have uniform operation throughout the state."

Also see Hudgins v. Foster, 131 Okl. 90, 267 P. 645; Guthrie Daily Leader v. Cameron, 3 Okl. 677, 41 P. 635; Board of Commissioners of Oklahoma County v. Beaty, 67 Okl. 281, 171 P. 34; Thompson v. Stanley, 183 Okl. 445, 83 P.2d 386; Caddo County v. Chicago, R. I. & P. Ry. Co., 155 Okl. 32, 7 P.2d 900; In re Bucher, 162 Okl. 168, 20 P.2d 150; Wade v. Board of Commissioners of Harmon County, 161 Okl. 245, 17 P.2d 690; Excise Board of Kay County v. Chicago, R. I. & P. Ry. Co., 155 Okl. 34, 7 P.2d 902.

In view of the above authorities, we are of the opinion that the population which is the only distinction here shown, is insufficient to constitute a good or sound reason as to why delinquent persons in counties so designated here should receive one kind of treatment, and delinquent persons of the same classification in other counties be subjected to a different treatment. Such so called classification is wholly insufficient to establish the sections of this act which purport to afford different treatment than that provided under our general laws for delinquents, as a general law having a "uniform operation throughout the state."

Where a statute operates upon a class, the classification must not be capricious or arbitrary and must be reasonable and pertain to some peculiarity in the subject matter calling for the legislation, as between the persons and places included within the operation of the law and those omitted, there must be some distinctive characteristic upon which a different treatment may be reasonably founded and which furnishes a practical and real basis for discrimination. Roberts v. Ledgerwood, supra.

Section 850, Title 20 O.S.1951, as amended, provides:

"If any section, subdivision or clause of this Act shall be held to be unconstitutional or invalid, such decision shall not affect the validity of the remaining portions of the Act."

■ Therefore it is the opinion of this court, and we so hold, that section 771 of said title is valid and complies with the constitutional requirements of our state. However, we are of the opinion, and so hold, that sections 772 to 774 inclusive, of Title 20 O.S.1951, as amended, are unconstitutional as to those portions which provide for treatment concerning male persons over the age of sixteen (16) years, and under the age of eighteen (18) years.

The validity of other provisions of this Act is questioned on constitutional grounds, however, said provisions pertain to methods of procedure and trial and as to the method by which this court may exercise its jurisdiction.

We do not deem it necessary or proper in this case to discuss those provisions of the Act, since we have herein held that the creation of the court was in compliance with our Constitution, and it could legally function as a juvenile court. In view of our holding with reference to the applicant Jim E. Kirksey the validity of those other provisions cannot arise, or constitute an issue as to him, and they may never arise or constitute an issue as to the applicant, Patricia Ann Anderson. When the applicability of said provisions becomes an issue as to Patricia Ann Anderson, or as to any other alleged delinquent child, then and then only would it be timely to discuss and determine their validity.

We observe this text statement in 16 C.J.S. Constitutional Law § 76, pages 226 and 231:

"As a general rule, the constitutionality of a statute or other governmental action is to be considered in the light of the standing of the party who seeks to raise the question and of its particular application. It is a firmly established principle of law that the constitutionality of a statute or ordinance may not be attacked by one whose rights are not, or are not about to be adversely affected by the operation of the statute. * * * One of the many variations of this rule is the principle that one may not urge the unconstitutionality of a statute who is not harmfully affected by the particular feature of the statute alleged to be in conflict with the constitution."

The constitutionality of a statutory provision neither deserves nor needs any determination by this court until such statutory provision is applied or sought to be applied to some person or to their rights in some cause or proceeding. City of Shawnee v. Taylor, 191 Okl. 687, 132 P.2d 950; Shinn v. Oklahoma City, 184 Okl. 236, 87 P.2d 136; Bennett v. State, 147 Okl. 14, 294 P. 149; Kelly v. Roetzel, 64 Okl. 36, 165 P. 1150, and Mitchell v. Williamson, Okl., 304, P.2d 314.

The writ is therefore denied as to the applicant, Jim E. Kirksey, and granted as to the applicant, Patricia Ann Anderson.

DAVISON, HALLEY, JOHNSON, WILLIAMS, BLACKBIRD, JACKSON and CARLILE, JJ., concur.

CORN, V. C. J., concurs in part: dissents in part.

CORN, Vice Chief Justice (dissenting).

I concur in the majority opinion in so far as it refers to, and is applicable to case No. 37,953, wherein Patricia Ann Anderson is petitioner. However I respectfully dissent thereto in so far as it refers, and is applicable to case No. 38,173, wherein Jim E. Kirksey is the petitioner.

I respectfully suggest that the commission of crime by children is a growing problem, particularly in our larger centers of population. The handling of the problem so that the wayward child may be fitted into our community as a law respecting, and a law abiding citizen is a matter of public concern. The growth of a child into a criminal as a result of his higher education in crime, while a prisoner with hardened criminals in one of our penal institutions, is what the legislature is seeking, rightfully, to prevent.

10 O.S.1951 §§ 101 through 114, which Act with amendments has been in effect as the legislative policy for the care and protection of dependent, neglected and delinquent children of our state since prior to statehood, provide that the words "delinquent child" shall include any male child under the age of sixteen years and any female child under the age of eighteen years who violates any law of the United States, or of this State or any city or town ordinance. Such Act then provides that a delinquent child may be proceeded against, fixing jurisdiction in the County Courts in all such cases, with right for jury if demanded, provides for reports to the Commission of Charities and Corrections, the filing of a petition by a reputable person, issuance and service of summons, and a private hearing in the discretion of the County Court. Provision is further made for the care and custody of the child as ward of the court until discharged or shall have reached the age of twenty-one.

Section 114, supra, provides the Act should be liberally construed to effectuate the purpose of the Act. See In re Greenback, 207 Okl. 30, 246 P.2d 733, 734.

The purport of that Act is the rehabilitation of a delinquent child, as defined therein, together with the care and protection of dependent and neglected children as well as delinquent children.

The procedure prescribed is that when it develops in a criminal prosecution that one charged with a crime is a male child under the age of sixteen years, or a female child under the age of eighteen years, a reputable citizen of the county forthwith file a petition before the county court which will cause the child to be brought into that

court, and after hearing before jury if demanded, if it is determined to be a delinquent child, within the purview of the Act, the child becomes a ward of the court as provided therein and the criminal prosecution is suspended. If, however, such delinquent child is determined to possess sufficient mental capacity to appreciate the wrongfulness of its acts, such court may direct that such child be prosecuted for the crime in a court of competent jurisdiction. Ex parte Lewis, 85 Okl.Cr. 322, 188 P.2d 367.

The jurisdiction of the Juvenile Court, prescribed by 20 O.S.1951 § 771 et seq. as amended, together with the provisions thereof, indicate that such act has the same basic purposes, the rehabilitation of children, and the care and protection of dependent neglected children. The Act gives such court jurisdiction of all children under the age of eighteen years, who violate any state law or municipal ordinance. Such Act in no way attempts to define the words "delinquent child" or in any manner change the meaning thereof as set forth in 10 O.S. 1951 § 101. It merely requires that if during the pendency of a criminal or quasi criminal charge against any person in any other court of such county, it shall be ascertained that the person was under the age of eighteen years at the time of committing the alleged offense, it shall be the duty of such court forthwith to transfer the case to the juvenile court. After investigation the court may, in its discretion, retain jurisdiction or certify such child as a child capable of knowing, and to be held accountable for his acts, for criminal proceedings to any court which would have trial jurisdiction of such offense if committed by an adult.

With a more comprehensive approach occasioned by the needs of larger communities, the balance of such act, Sec. 771 et seq., is directed to the care, health and protection of a child.

The determination of the Legislature that courts of concurrent jurisdiction are necessary, or that those counties within certain population brackets require the establishment of a court with original jurisdiction as to matters that may be handled by anoth-er court in other counties is within its prerogative as outlined and defined by our Constitution. The fact that the juvenile court is given jurisdiction of the children, and in effect relieves the county court of such jurisdiction raises no constitutional inhibition. In effect such act is supplemental to, and not in conflict with Sec. 101 et seq., supra. The consideration of male children is extended to eighteen years. However, the meaning of a delinquent child remains as defined in Sec. 101, supra. The juvenile court in those counties to which the act or a similar act applies, and the county court in those counties where no such act applies still must determine what is best for the child and whether it is capable of knowing and to be held accountable for its acts in proper criminal proceedings.

20 O.S.1951 § 776 provides that the juvenile court shall have original jurisdiction of any child a resident of the county of the location of the court or of any child who is present in such county at the time. Thus it is apparent that if during the pendency of a criminal or quasi criminal charge against any person in any other court of such county it shall be ascertained that the person is a child as defined by the act, it shall be the duty of the court forthwith to transfer the case to the juvenile court. Such court has jurisdiction of any child who is present in the county. Thus we have a general application as to all persons coming within the Act.

However, it is contended that as to a male child the jurisdictional requirement extending to all children up to eighteen years of age is arbitrary and discriminatory since the general act applicable to the other counties requires male child sixteen years of age and above to be subject to the same penalty of the law as an adult.

Again it must be borne in mind the purpose of each Act, the end sought to be reached, however, always keeping in mind the constitutional restrictions and the equal protection of the law. In addition attention is directed to the fact that courts of competent jurisdiction have the duty of, and the power to determine the capability or lack of understanding of the nature of

their act of any person that comes before it.

Society requires children, as well as adults, to conform to the laws of the city, state and federal government. Yet experience tells us that in many instances children, by reason of inexperience, age and/or lack of training, fail to understand the consequences of their acts and their responsibility as members of a community. Thus it has been found with proper direction those children, who might become a permanent incorrigible or confirmed criminal, can be fitted into the community as law abiding, responsible citizens.

Legislation to this end must liberally construe. The proceedings provided is neither criminal nor quasi criminal. Const. Art. II, Sec. 20, therefore has no application. Its purpose is designed to prevent, by reason of age and lack of understanding, any unjust application of the strict enforcement of the criminal laws with attention directed to the education of the child. In the communities within the purview thereof, a court with its responsibility directed thereto is created. In a manner of speaking, placing the responsibility on one specializing in that field.

Even though by virtue of 20 O.S.1951 § 771 et seq., the juvenile court has jurisdiction of the child up to the age of eighteen, it is within such court's prerogative to determine the understanding of the child of crime committed and certify him for prosecution. Though those males over the age of sixteen do not come before it, the county courts, under Sec. 101 et seq., have the same right of determination, certification and deferment of prosecution. 20 O.S.1951 § 771 et seq., is directed to the basic needs of a larger community. It is the apparent legislative intent to reach a need developed by large population.

I, therefore, am of the opinion that the writ of mandamus should issue directing the Judge of the Court of Common Pleas to certify the case against Jim E. Kirksey, as well as the case against Patricia Ann Anderson, to the Juvenile Court of Tulsa County.