**In the Matter of the Habeas Corpus of Jackie Ray BARNES.**

**No. 38744.**

Supreme Court of Oklahoma.

Oct. 18, 1960.

Charles Dunn, Tulsa, for plaintiff in error.

Robert D. Simms, County Atty., Tulsa County, Ted Flanagan, Asst. County Atty., Tulsa, for defendant.

PER CURIAM.

This action was brought by J. R. Barnes, petitioner, on the 22nd day of May, 1958, against Dorothy Young, Judge of the Juvenile Court of Tulsa County, seeking custody of his minor son, Jackie Ray Barnes, one year of age. He alleges in his petition

that the said Judge unlawfully and force-fully detained the said minor contrary to the wishes of the petitioner.

The response to the petition for the writ of habeas corpus is as follows:

"Comes now the respondent, Dorothy Young, Judge of the Juvenile Court in and for said Tulsa County, State of Oklahoma, and shows the court that on the fifteenth day of January, 1958, the Juvenile Court of this County made and entered a final order in an action styled 'In the Matter of Barnes, Jackie Ray, a child under eighteen years of age to-wit: seventeen months', as shown by the order and judgment hereto attached marked Exhibit A and made a part hereof.

"That said order has not been appealed from and became final on the twenty-fifth day of January, 1958.

"Therefore, respondent moves that the Writ of Habeas Corpus be denied as a collateral attack on a final judgment and an attempt on the part of the Petitioner, J. R. Barnes, to substitute a Writ of Habeas Corpus in lieu of an appeal."

After a hearing the trial court found in part:

"* * * that an Order has heretofore been entered on the 15th day of January, 1958, by the Juvenile Court in an action styled 'In the Matter of Barnes, Jackie Ray, a child under 18 years of age, to-wit: 17 months'; that said Order has not been appealed from and became final January 25, 1958. * * *

"It is therefore ordered, adjudged and decreed by the Court that the Writ of Habeas Corpus applied for by J. R. Barnes be and the same is hereby denied.

"Lewis C. Johnson,
"Judge of the District Court."

Appellant contends that the act creating the Juvenile Court of Tulsa County is unconstitutional because it is a special act and violates Article V, §§ 32, 46 and 59 of the State Constitution.

In Anderson et al. v. Walker, Okl. 333 P.2d 570, 572, we considered that exact question as to the identical act, and we held in the first paragraph of the syllabus:

"An act by the Legislature creating additional courts, and providing that said act shall apply only to counties having a population of 100,000 or more, and less than 300,000 as determined by the last Federal Decennial Census, is a general law and is not in violation of Sections 32, 46 or 59 of Article 5 of the State Constitution."

◼◼ From an examination of the record herein we find that the Juvenile Court of Tulsa County was duly and properly created by a constitutional act of the Legislature, that it had original jurisdiction in the matter of the custody of Jackie Ray Barnes and that the judgment of the Juvenile Court in said matter made and entered on the 15th day of January, 1958, unappealed from, is a valid and final judgment and therefore the judgment of the district court denying the writ is correct.

Affirmed.

The Court acknowledges the aid of Supernumerary Judge N. S. CORN in the preparation of this opinion. After a tentative opinion was written, the cause was assigned to a Justice of this Court. Thereafter, upon report and consideration in conference, the foregoing opinion was adopted by the court.