Dear Honorable Murphy,
The Attorney General has considered your request for an opinion wherein you ask the following question:
"Are the restrictions on qualifications for sheriffs in counties havingmore than 80,000 population contained in 19 O.S. 510 of the OklahomaStatutes constitutional when compared to similar qualifications for othercounties?"
Title 19 O.S. 510 (1976) states as follows:
 "19 O.S. 510. County sheriff-Qualifications. — Any person, other wise qualified, who has been a resident of the State of Oklahoma for two (2) years, has been a registered voter of the party whose nomination he seeks, or a registered Independent, within the county from which such person seeks election for the six (6) months next preceding the first day of the filing period, is at least twenty-five (25) years of age next preceding the date of filing for office, possesses at least a high school education, shall be eligible to hold the office of county sheriff or to file therefor. Persons filing for the office of sheriff in a county of eighty thousand (80,000) or more population shall have completed a basic police course of one hundred twenty (120) hours or more that has been approved by the Council on Law Enforcement Education and Training. Provided, however, the provisions of this section relating to qualification shall not apply to any person serving as a county sheriff or to any person previously serving as county sheriff prior to the adoption of this statute."
This statute is supplemented by 70 O.S. 3311 (1977) which states in pertinent part:
 "F. No person shall receive a permanent appointment as a police or peace officer in this state, as defined in paragraph 4 of this subsection, unless he has undergone evaluation similar to the Minnesota Multiphasic Personality Inventory or its equivalent, as determined by the Council on Law Enforcement Education and Training and has been awarded a certificate, attesting to his satisfactory completion of a basic police course of not less than one hundred twenty (120) hours of accredited instruction from the Council or curriculum or course of study approved by the Council."
 "4. For purposes of this section a police or peace officer is defined as a full-time duly appointed or elected officer, whose duties are to preserve the public peace, protect life and property, prevent crime, serve warrants, enforce all laws and city ordinances of this state, and any political subdivision thereof; provided elected sheriffs and their deputies and elected and appointed chiefs of police shall meet the requirements of subsection F hereof within the first twelve (12) months after assuming the duties of the office to which they are elected or appointed."
From a reading of the above-mentioned statutes, it is apparent that in counties having a population in excess of 80,000, a person filing for election to the office of sheriff must have completed the basic police course, while in counties with a population under 80,000, the sheriff has up to twelve (12) months after his election to complete the same course.
Okla. Const. Article V, Section 46 prohibits special or local legislation regulating the affairs of localities. However, in Hamilton v. Oklahoma City, Okla. 527 P.2d 14 (1974) the Supreme Court of Oklahoma, in upholding the constitutionality of the Oklahoma Governmental Tort Liability Act, which provides that cities with population in excess of 200,000, are subject to that Act, stated:
 "`The Legislature may classify the counties and cities of the state on the basis of population for legislative purposes when the classification is not arbitrary and capricious, but is founded upon real and substantial distinctions and the question of population bears some reasonable rational relation to the subject-matter.'"
In North v. Russell, 427 U.S. 328, 49 L.Ed.2d 534, 96 S.Ct. 2709 (1976) the United States Supreme Court upheld a Kentucky statute which classified cities by population, permitting lay judges to preside in some cities while requiring law-trained judges in others.
According to the 1970 Census, four (4) counties (Cleveland, Comanche, Oklahoma, and Tulsa) have populations in excess of 80,000, and therefore, fall within the category of having candidates for sheriff complete the aforementioned police course prior to filing as a candidate rather than within twelve (12) months after taking office. In Hamilton v. Oklahoma City, supra, only Oklahoma City and Tulsa fell within the legislative category. Therefore, the statute does not run afoul of the test set forth in that case.
Title 19 O.S. 510 (1976) is founded upon real and substantial distinction between population areas and that that distinction bears a rational relationship to the subject matter. In Hamilton v. Oklahoma City, supra, the Supreme Court noted:
 "This Court has long recognized that cities having a larger population may have problems much different from less populated counties, insofar as many topics of legislation are concerned. Bell v. Crum, 188 Okla. 67, 106 P.2d 518 (1940); Lowden v. Okla. Co. Excise Board, 186 Okla. 706, 100 P.2d 448 (1940)."
In that case the Supreme Court held that the Legislature must have found that the congestion of the larger cities and the additional governmental functions that are performed result in more risks to the citizenry, and therefore, the classification was justified. Under the statute at hand, the Legislature could rationally have decided that large counties are more able to field candidates who already have the necessary police training prior to filing than smaller counties. Further, the Legislature could have concluded that the law enforcement demands of larger counties are such that those areas require a sheriff to have already finished his police training courses prior to taking office, the reasons being that he should be immediately qualified to assume those responsibilities and to insure that the 120 hour course does not interfere with his duties.
It is, therefore, the official opinion of the Attorney General that 19O.S. 510 (1976) does not violate the equal protection clause of theFourteenth Amendment to the United States Constitution, is not a specialor local law under Okla. Const. Article V, Section 46, and is,therefore, constitutional.
JAN ERIC CARTWRIGHT, ATTORNEY GENERAL OF OKLAHOMA
DAVID W. LEE, ASSISTANT ATTORNEY GENERAL CHIEF, CRIMINAL DIVISION