Roscoe Larrette MORRIS, II,
Appellant,

v.

Larry R. MEACHUM, Director, and
Peter A. Douglas, Warden,
Appellees.

No. 62095.

Supreme Court of Oklahoma.

May 6, 1986.

Roscoe Larrette Morris, II, pro se.

Michael C. Turpen, Atty. Gen., Robert A. Nance, Asst. Atty. Gen., Oklahoma City, for appellees.

HARGRAVE, Judge.

Roscoe Morris originally brought this action as a petition for a writ of mandamus. By prior order of this Court, that instrument has been treated as a petition-in-error

appealing the decision of the District Court of Cleveland County denying the appellant's requested relief.

Appellant was convicted of escape from a state correctional facility in Comanche County in October of 1981. In 1983, 57 O.S.Supp. 1983 § 510 was amended. This statute authorized the Department of Corrections to prescribe rules and punishment for recalcitrant and incorrigible prisoners. Under the statute the Department of Corrections instituted a new security risk rating scale to be used in determining assignment of inmates to various facilities and programs according to their security risk. By virtue of the fact of the escape conviction, and the two-year sentence imposed because of it, appellant was assigned additional security points resulting in his ineligibility for assignment to a minimum security facility or work release program. Appellant appealed this determination to the District Court of Cleveland County alleging that the new security policy amounts to an unconstitutional ex post facto law. The District Court denied the relief prayed for and this appeal ensued. The question presented for review is whether the Department of Correction's policy of assessing higher security risk points for past infractions, such as the escape from a correctional facility, under statute and rules enacted after the escape amount to an ex post facto law. We hold that the questioned practice does not amount to an ex post facto application of a statute.

The constitutional inhibition against the passage of ex post facto laws is intended to secure substantial personal rights against arbitrary and oppressive legislation and not to limit legislative control of remedies and modes of procedure which do not affect matters of substance. *Dobbert v. Florida*, 432 U.S. 282, 97 S.Ct. 2290, 53 L.Ed.2d 344, rehearing denied, 434 U.S. 882, 98 S.Ct. 246, 54 L.Ed.2d 166 (1977). The prohibition is intended to insure substantial personal rights from retroactive deprivation. *Portley v. Grossman*, 444 U.S. 1311, 100 S.Ct. 714, 62 L.Ed.2d 723 (1980).

■ The inmate-appellant does not have a substantial personal right in the situs of his confinement as noted in *Olim v. Wakinekona*, 461 U.S. 238, 103 S.Ct. 1741, 75 L.Ed.2d 813 (1983). In *Olim, supra*, a prisoner in a Hawaiian state prison was transferred to a state prison in California. The inmate alleged he had been denied procedural due process in the course of the administrative hearing that determined the transfer to be necessary because he had been labled a troublemaker. The Federal Supreme Court referred to *Meachum v. Fano*, 427 U.S. 215, 96 S.Ct. 2532, 49 L.Ed.2d 451 (1976), and *Montanye v. Haymes*, 427 U.S. 236, 96 S.Ct. 2543, 49 L.Ed.2d 466 (1976), wherein it was held that intrastate prison transfer does not directly implicate the due process clause of the fourteenth amendment. Quoting from *Meachum, supra*, in *Olim*, the Court reiterated:

" 'The initial decision to assign the convict to a particular institution is not subject to audit under the Due Process Clause, although the degree of confinement in one prison may be quite different from that in another. *The conviction has sufficiently extinguished the defendant's liberty interest to empower the State to confine him in any of its prisons.*

... Confinement in *any* of the State's institutions is within the normal limits or range of custody which the conviction has authorized the State to impose.' " (emphasis added)

Whatever deprivation the convict has experienced by virtue of the change in security status and resultant classification to a more supervised prison environment has not encroached upon his liberty interest. That interest has been extinguished to the point that the state may confine him where it wishes. The prisoner thus has no substantial personal rights in situs of his confinement. Modes of procedure, such as security classification, do not affect matters of sufficient substance to invoke the inhibition against ex post facto laws. These types of discretionary actions have traditionally been the business of prison administrators rather than the courts. *Meachum, supra*, and *Olim, supra*.

AFFIRMED.

SIMMS, C.J., DOOLIN, V.C.J., and HODGES, LAVENDER, OPALA, WILSON and SUMMERS, JJ., concur.

KAUGER, J., disqualified.