**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**May 23, 2007**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

JAMES CLAYTON,

      Plaintiff-Appellant,

v.

RON WARD, Director, Oklahoma
Department of Corrections; MIKE
MULLIN, Warden/Superintendent
Oklahoma State Penitentiary; RON
ANDERSON, Department of Corrections
General Counsel; DREW EDMONDSON,
Attorney General of the State of
Oklahoma,

      Defendants-Appellees.

No. 06-7079

(D.C. No. CIV-04-223-W)
(E. D. Oklahoma)

**ORDER AND JUDGMENT**[*]

Before **BRISCOE, McKAY,** and **McCONNELL**, Circuit Judges.

After examining the briefs and appellate record, this panel has determined

unanimously that oral argument would not materially assist in the determination of this

appeal. See Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is, therefore,

---

[*] This order and judgment is not binding precedent, except under the doctrines of
law of the case, res judicata, and collateral estoppel. It may be cited, however, for its
persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

ordered submitted without oral argument.

Plaintiff James Clayton ("Clayton") appeals the district court's dismissal of his pro se action filed pursuant to 42 U.S.C. § 1983. We have jurisdiction pursuant to 28 U.S.C. 1291 and affirm.[1]

Clayton, an Oklahoma state prisoner, is currently serving a life sentence for second degree murder. He filed a complaint against several defendants[2] in their individual and official capacities alleging violations of various constitutional rights during a twenty-six day stay at the OSP in 2003 and requesting injunctive and monetary[3] relief. Clayton asserted three claims, including that: (1) he was placed in OSP's disciplinary confinement ("H-unit") without a hearing in violation of due process; (2) this segregation was in

---

[1] Although the government does not contest our jurisdiction over Clayton's appeal, we have an independent duty to examine our own jurisdiction. After reviewing the record and our precedent, we are satisfied that we have jurisdiction over Clayton's appeal of the district court's dismissal of his § 1983 suit. However, we lack jurisdiction over an appeal of the district court's order denying Clayton's motion to reconsider because Clayton failed to file an amended notice of appeal after this order was entered. See Stouffer v. Reynolds, 168 F.3d 1155, 1172 (10th Cir. 1999) (noting that appellate jurisdiction over post-dismissal orders requires plaintiff to file additional or amended notice of appeal).

[2] The defendants included Oklahoma Department of Corrections ("ODOC") Director Ron Ward ("Ward"), Oklahoma State Penitentiary ("OSP") Warden Mike Mullin ("Mullin"), ODOC General Counsel Ron Anderson ("Anderson"), Oklahoma Attorney General Drew Edmondson ("Edmondson") and John and Jane Does A-Z (collectively "the defendants").

[3] The district court correctly noted that to the extent the defendants are sued in their official capacities as DOC officials, Clayton's claims are barred by the Eleventh Amendment. See Trujillo v. Williams, 465 F.3d 1210, 1223 (10th Cir. 2006) ("A claim for retroactive monetary reimbursement asserted against state officials . . . in their official capacities constitutes a suit for monetary damages against the state" and is barred by sovereign immunity.).

retaliation for his success in obtaining a writ of habeas corpus; and (3) the defendants violated the terms of a settlement agreement in which Clayton was not to be housed in any correctional facility in Oklahoma unless Clayton made such a request.

After considering Clayton's complaint, the defendants' motions, Clayton's response and affidavit, the defendants' replies, and a special report prepared by the ODOC in accordance with <u>Martinez v. Aaron</u>, 570 F.2d 317 (10th Cir. 1978), the district court dismissed Clayton's suit pursuant to 28 U.S.C. § 1915(e), noting that Clayton's allegations were vague, conclusory, and failed to rise to the level of a constitutional violation.

Clayton was originally convicted of second degree murder, as well as other related convictions, in Muskogee County, Oklahoma, in 1980 and sentenced to life imprisonment. In 1987, he filed a lawsuit against the ODOC. While this lawsuit was pending, Clayton was transferred to Washington to serve his sentence for the Oklahoma convictions. In February of 1993, Clayton's lawsuit was dismissed with prejudice by a mutual stipulation of dismissal. Pursuant to this dismissal, the ODOC entered a settlement agreement with Clayton in which Clayton agreed to drop all claims against the ODOC in exchange for the ODOC's promise not to seek Clayton's return from Washington unless necessitated by further litigation.

In April of 2003, Clayton was granted a conditional writ of habeas corpus by the Eastern District of Oklahoma, which granted the state 120 days to allow Clayton to withdraw his guilty plea. In light of this writ, the ODOC brought Clayton back to

Oklahoma to appear before the Muskogee County District Court to withdraw his guilty plea and stand trial. While awaiting his appearance, Clayton was housed in H-unit at OSP for twenty-six days. After withdrawing his plea, Clayton was discharged from ODOC's custody to the Muskogee County Sheriff. The lawsuit at issue in this appeal challenges the twenty-six days Clayton spent at OSP.

Attorney General Edmondson filed a motion to dismiss Clayton's complaint for lack of personal participation because the Attorney General does not exercise authority over inmates housed in the custody of the ODOC and he was not a party to the settlement agreement at issue. We conclude that Edmondson was entitled to dismissal.

This court will uphold a dismissal under Rule 12(b)(6) "only when it appears that the plaintiff can prove no set of facts in support of the claims that would entitle him to relief, accepting the well-pleaded allegations of the complaint as true and construing them in the light most favorable to the plaintiff." Dubbs v. Head Start, Inc., 336 F.3d 1194, 1201 (10th Cir. 2003) (citations omitted). "The legal sufficiency of a complaint is a question of law; therefore, a Rule 12(b)(6) dismissal is reviewed de novo." Id.

"[F]or liability to arise under § 1983, a defendant's direct personal responsibility for the claimed deprivation of a constitutional right must be established." Trujillo v. Williams, 465 F.3d 1210, 1227 (10th Cir. 2006). See Mitchell v. Maynard, 80 F.3d 1433, 1441 (10th Cir. 1996) (noting there is no respondeat superior liability under § 1983); Olson v. Stotts, 9 F.3d 1475, 1477 (10th Cir. 1993) (affirming district court's dismissal where "plaintiff failed to allege personal participation of the defendants"). Even

construing Clayton's complaint liberally, he fails to indicate how Edmondson personally participated in assigning him to OSP or H-unit.

At most, Clayton asserts that "Attorney General [Edmondson] advises, suggests and consults with the defendants . . . and participated, by action and acquiescence, in the acts herein." Record on Appeal ("ROA"), Document 1. This is the only mention of Edmondson in Clayton's entire complaint. Although we must accept all Clayton's well-pleaded facts in the complaint as true, these are distinguished from mere conclusory allegations. Tal v. Hogan, 453 F.3d 1244, 1252 (10th Cir. 2006). See Smith v. Plati, 258 F.3d 1167, 1174 n.6 (10th Cir. 2001) (noting that even when complaint is construed liberally, this court has dismissed pro se complaints for failure to allege sufficient facts).

Because Clayton asserts no facts tying Edmondson to the decision to place him in H-unit at OSP, he has no constitutional claim against Edmondson and therefore we need not address whether his state law contract claims have any merit. We affirm the district court's dismissal of Clayton's claims against Edmondson for failure to state a claim. "We are free to affirm a district court decision on any grounds for which there is a record sufficient to permit conclusions of law, even grounds not relied upon by the district court." Smith, 258 F.3d at 1174.

Ward, Mullin, and Anderson filed a motion for summary judgment/motion to dismiss arguing that Clayton could not assert a due process claim because he had no protected interest in where and under what security level he was confined, Clayton asserted no factual support for his retaliation claim, and the district court lacked

jurisdiction over Clayton's state law breach of contract claim. Because we can affirm the district court on any grounds for which there is a record sufficient to permit conclusions of law, we conclude that the ODOC defendants were entitled to summary judgment on Clayton's due process and retaliation claims.[4]

"Summary judgment should be granted if 'the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law.'" Carpenter v. Boeing Co., 456 F.3d 1183, 1192 (10th Cir. 2006) (quoting Fed. R. Civ. P. 56(c)). "Neither 'mere assertions and conjecture,' nor 'the existence of a scintilla of evidence in support of the nonmovant's position,' is sufficient to show a genuine issue of material fact; 'an issue of material fact is genuine only if the nonmovant presents facts such that a reasonable jury could find in favor of the

---

[4] The district court dismissed Clayton's action pursuant to 28 U.S.C. § 1915(e). It would have been improper for the court to have dismissed Clayton's claim sua sponte under this provision based solely on Clayton's complaint. See Gaines v. Stenseng, 292 F.3d 1222, 1225-26 (10th Cir. 2002) (holding that dismissing § 1983 action sua sponte for failure to state a claim is improper when there is complete absence of evidence concerning whether duration and conditions of plaintiff's confinement imposed atypical and significant hardship in relation to ordinary incidents of prison life).

In the present case, despite dismissing Clayton's claim pursuant to § 1915(e), the district court permitted Clayton to file a response to defendants' motions and an affidavit, thereby providing him with opportunities to assert facts and evidence as to why his confinement in H-unit imposed an atypical and significant hardship on him in comparison to the ordinary incidents of prison life. However, Clayton's response and affidavit merely reiterate the conclusory allegations found in his complaint. Upon review of the record, we have determined that Clayton failed to provide sufficient evidence to withstand summary judgment and we will affirm on this ground.

nonmovant.'" Id. (internal citations omitted).

Clayton argues that he was placed in OSP's H-unit without due process and in retaliation for his success in obtaining a writ of habeas corpus and that this assignment imposed an atypical and significant hardship on him when compared to his prior conditions of confinement. We disagree.

As correctly noted by the district court, the due process clause does not protect an inmate from being transferred from one institution to another and placing an inmate into administrative segregation does not "involve deprivation of a liberty interest independently protected by the Due Process Clause." Trujillo, 465 F.3d at 1225 (quoting Bailey v. Shillinger, 828 F.2d 651, 652 (10th Cir. 1987)). The Supreme Court has held that "the Due Process Clause of the Fourteenth Amendment [does not entitle] a state prisoner to a hearing when he is transferred to a prison the conditions of which are substantially less favorable to the prisoner, absent a state law or practice conditioning such transfers on proof of serious misconduct or the occurrence of other events." Meachum v. Fano, 427 U.S. 215, 216 (1976). Additionally, Clayton has no state right in regards to his place of incarceration. See Twyman v. Crisp, 584 F.2d 352, 356-57 (10th Cir. 1978) (noting that because Oklahoma law and DOC regulations regarding transfers and security classifications provide broad discretion to the DOC, no due process hearing is required in conjunction with a transfer); Morris v. Meachum, 718 P.2d 1354, 1356 (Okla. 1986) (noting that inmate has no substantial personal right to situs of confinement).

Clayton claims that his twenty-six day stay in H-unit at OSP imposed an atypical and significant hardship on him when compared to his prior condition of confinement. Prison conditions that "impose[ ] atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life" may create a liberty interest protected by the due process clause. Trujillo, 465 F.3d at 1225. However, Clayton has failed to provide sufficient facts to support this allegation. Instead, he makes only vague and conclusory statements that H-unit is "Oklahoma's infamous dungeon," a "hole," and placement here constitutes the ODOC's "harshest, inhumane, punishment status." Appellant Brief at 2-4.

Besides failing to articulate what, if any, conditions on H-unit imposed a significant hardship on him, Clayton fails to allege how his confinement conditions in H-unit differed from the conditions of other prisoners, rendering his confinement "atypical." See Trujillo, 465 F.3d at 1225 (reversing district court's dismissal of complaint as frivolous when defendant alleged he spent 750 days in segregation compared to 180 days other inmates were segregated). Clayton does not provide any facts explaining why the duration or degree of his confinement in H-unit was atypical or significantly harsh when compared to other prisoners. Rather, the only evidence in the record comparing Clayton's situation to other inmates at OSP comes from the affidavit of Jane Standifird ("Standifird"), the deputy warden of OSP, who asserts that inmates being held at OSP for court dates are routinely placed in H-unit. Clayton himself conceded that some prisoners that are released to court, although arguably only a small percentage, are housed in H-unit

-8-

at OSP.

Because Clayton's administrative segregation was of a relatively short duration and he fails to assert any facts in support of his conclusory allegation that confinement in H-unit was an atypical and significant hardship, we conclude that the district court did not err in dismissing his suit.  See Gaines, 292 F.3d at 1226 (noting that disciplinary segregation for less than seventy-five days might fail as a matter of law to satisfy "atypical and significant" requirement and therefore might merit dismissal on complaint alone).  Similarly, Clayton failed to allege any factual support for his bald assertions of retaliation.  See Self v. Crum, 439 F.3d 1227, 1230 (10th Cir. 2006) (noting that "[u]nsubstantiated allegations carry no probative weight in summary judgment proceedings" and do not create a genuine issue of material fact). Because Clatyon's federal claims have no merit, we need not reach his state law contract claim.

Based on the foregoing, we AFFIRM the district court.

Entered for the Court


Mary Beck Briscoe
Circuit Judge

-9-