2011 OK CIV APP 11

**Stephen BURNETT, Plaintiff/Appellant,**

**v.**

**John MIDDLETON, Joseph Taylor, Harvey Fields, Linda Jester and Sgt. Hickman, Defendants/Appellees.**

**No. 107,772.**

Court of Civil Appeals of Oklahoma, Division No. 3.

Oct. 8, 2010.

Rehearing Denied Nov. 3, 2010.

Certiorari Denied Nov. 16, 2010.

---

Stephen Burnett, Cushing, OK, Pro se.

Darrell L. Moore, Julia L. Neftzger, Pryor, OK, for Defendants/Appellees.

ROBERT DICK BELL, Vice–Chief Judge.

¶1 Plaintiff/Appellant, Stephen Burnett, appeals from the trial court's order dismissing his petition against Defendants/Appellees, John Middleton, Joseph Taylor, Harvey Fields, Linda Jester and Sgt. Hickman. For the reasons set forth below, we affirm.

¶2 Plaintiff is a prisoner in the custody of the Oklahoma Department of Corrections (DOC). Pursuant to a contract with DOC, Plaintiff is incarcerated at the Cimarron Correctional Facility (CCF), a private prison located in Cushing, Oklahoma. Defendants are employees of CCF: Middleton is the assistant warden, Taylor is the warden, Fields was the chief of unit management, Jester operates the mailroom and Hickman was the disciplinary hearing officer. In early May 2009, Plaintiff was charged with and found guilty of disciplinary misconduct. As a result, Plaintiff's security classification was dropped to Level 1 for 60 days and he was ordered to forfeit 90 earned credit days. The hearing officer's findings were affirmed by both the warden and DOC.

¶3 On June 24, 2009, Plaintiff filed the instant suit claiming Defendants violated a variety of his rights in connection with the grievance proceedings. On Defendants' application and over Plaintiff's objection, the trial court stayed the proceedings and directed CCF to prepare a special report pursuant to 57 O.S. Supp.2006 § 566.4(K).[1] Upon receipt of the special report, Defendants moved to dismiss Plaintiff's petition on three grounds: (1) It failed to state a claim upon which relief could be granted, (2) it was frivolous, and (3) it did not comply with 12 O.S. Supp.2004 § 2003.1(B).[2] In addition to several other motions, Plaintiff moved for summary judgment. The trial court denied Plaintiff's motion for summary judgment and granted Defendants' motion to dismiss. From said judgment, Plaintiff appeals. This matter stands submitted for accelerated appellate review on the trial court record pursuant to Rule 4(m), *Rules for District Courts,* 12 O.S. Supp.2002, Ch. 2, App., and Rule 1.36, *Oklahoma Supreme Court Rules,* 12 O.S. Supp. 2003, Ch. 15, App. 1.[3]

---

**1.** Subsection 566.4(K) sets forth a procedure for correction officials to review the subject matter of a prisoner's claims "in order to provide the court with [*inter alia* ] additional information for the processing of the claim of the prisoner [and] to ascertain the facts and circumstances...." Upon receipt of the report, the trial court may properly "dismiss the petition as being frivolous or malicious or for failure to state a claim, may grant summary judgment or order that the case may proceed under the Oklahoma Rules of Civil Procedure."

**2.** Subsection 2003.1(B)(11) requires inmates to include with their petition a list of all lawsuits filed by the prisoner in the previous ten years. Plaintiff failed to include such a list in his initial pleading, but later supplemented the record with such.

**3.** Plaintiff's motion to strike Defendants' response to his petition in error is hereby denied.

**466**

¶ 4 Because Defendant's motion to dismiss presented matters outside the pleadings that were considered by the trial court, the dismissal is treated as a grant of summary judgment. 12 O.S. Supp.2004 § 2012(B). This Court's standard of review of a trial court's grant of summary judgment is *de novo*. *Hoyt v. Paul R. Miller, M.D., Inc.*, 1996 OK 80, ¶ 2, 921 P.2d 350, 351-2. Summary judgment is proper when the evidentiary materials "establish that there is no genuine issue as to any material fact, and that the moving party is entitled to judgment as a matter of law." *Shelley v. Kiwash Elec. Co-op.*, 1996 OK 44, ¶ 15, 914 P.2d 669, 674.

■ ¶ 5 We initially address Plaintiff's contention that 57 O.S. Supp.2006 § 566.4(K) is a special law prohibited by Article 5, § 46 of the Oklahoma Constitution because it affects only inmates rather than all Oklahoma citizens who file tort claims. In *Zeier v. Zimmer, Inc.*, 2006 OK 98, 152 P.3d 861, the Oklahoma Supreme Court explained:

The terms of art. 5, § 46 command that court procedure be symmetrical and apply equally across the board for an entire class of similarly situated persons or things. **In a special laws attack under art. 5, § 46, the only issue to be resolved is whether a statute upon a subject enumerated in the constitutional provision targets for different treatment less than an entire class of similarly situated persons or things.**

*Id.* at ¶ 13, 152 P.3d at 867 (footnotes omitted, emphasis in original).

¶ 6 In *Lowden v. Oklahoma County Excise Bd.*, 1940 OK 134, 100 P.2d 448, the Court reiterated:

"In order for a law to be general in its nature and to have uniform operation, it is not necessary that it shall operate upon every person and every locality in the state. A law may be general and have a local application or apply to a designated class if it operates equally upon all the subjects within the class for which it was adopted. * * * But where a statute operates upon a class, the classification must not be capricious or arbitrary and must be reasonable and pertain to some peculiarity in the subject matter calling for the legisla-

tion. As between the persons and places included within the operation of the law and those omitted, there must be some distinctive characteristics upon which a different treatment may be reasonably founded and that furnishes a practical and real basis for discrimination."

*Id.* at ¶ 6, 100 P.2d at 450, *quoting Roberts v. Ledgerwood*, 1928 OK 723, 272 P. 448, 450.

¶ 7 Title 57 O.S. Supp.2006 § 566.4 addresses lawsuits brought by current or former prisoners against the state or a municipality (or private correctional company), or their employees, for injuries alleged to have been suffered while the plaintiff was incarcerated or detained. The statute does not target for different treatment less than the entire class of similarly situated persons or things. It applies equally to the entire class of those who sue an incarceration facility or its employees for alleged harm caused the person while confined. We deem § 566.4's classification of persons sharing the same circumstances to be reasonable and justified. *See Nelson v. Nelson*, 1998 OK 10, ¶ 14, 954 P.2d 1219, 1225 n.24 (statute requiring divorcing couples with children, and not those without, to attend classes does not violate special law prohibition of art. 5, ¶ 46). The special report provision of § 566.4(K) is not unconstitutional.

■ ¶ 8 Plaintiff also complains the trial court's order is insufficient because it does not provide any rationale for the judge's decision. This argument is without merit. Defendants moved to dismiss Plaintiff's petition and Plaintiff moved for summary judgment. The trial court's order granted Defendants' motion and denied Plaintiff's motion. No further specificity or clarification is required by District Court Rule 13. The judgment is proper.

■ ¶ 9 Finally, we find the trial court correctly dismissed Plaintiff's substantive claims. Plaintiff's misconduct charge—bartering—emanated from his assistance of another inmate with a legal matter. Plaintiff admitted he helped the other inmate and evidence given by two witnesses corroborated the bartering charge. As DOC accurately noted, Plaintiff was afforded his due process.

Moreover, as an inmate sentenced to life imprisonment, Plaintiff does not qualify for earned credits, 57 O.S. Supp.2009 § 138(A)—so the disciplinary ruling cost him none—and Plaintiff has no protected liberty interest in his security classification. *Morris v. Meachum*, 1986 OK 18, ¶¶ 4–5, 718 P.2d 1354, 1356.

¶ 10 On the basis of the foregoing and after *de novo* review of the instant record, we hold there exists no disputed issue of material fact and that Defendants are entitled to judgment as a matter of law. Accordingly, the judgment of the trial court is affirmed. In reaching this conclusion, we specifically reject Plaintiff's claims that the trial court wrongfully (1) denied his motion to attend a hearing, (2) denied his request for a court reporter to transcribe the proceedings of that hearing and (3) conducted the hearing *ex parte*. The record plainly reflects no evidentiary hearing was conducted and the trial court's decision was based solely on the pleadings filed by the parties.

¶ 11 AFFIRMED.

JOPLIN, P.J., and MITCHELL, J., concur.